1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8
9    Jason Crews,

10                        Plaintiff,

11    v.

12    Rosewood Realty LLC, et al.,

13                        Defendants.

14

No. CV-24-00778-PHX-DLR

**ORDER**

15
16         At issue is Plaintiff's second motion for entry of default judgment. (Doc. 21.)

17    Plaintiff withdrew his first motion for entry of default judgment (Doc. 18) after the Court

18    identified several discrepancies in the naming of Defendant Ernesto DeHaro (Docs. 19, 20,

19    22). The Court has reviewed Plaintiff's second motion for entry of default judgment and

20    concludes that it should be denied without prejudice due to discrepancies over the number

21    of violations at issue and the calculation of damages.

22         Plaintiff's complaint alleges that he received eight phone calls from Defendants

23    between March 5, 2024 and March 15, 2024, that violated the Telephone Consumer

24    Protection Act ("TCPA"). (Doc. 1 ¶ 19.) As the Court understands the complaint, Plaintiff

25    contends that each of these eight calls violated two separate subsections of the TCPA. First,

26    they violated 47 U.S.C. § 227(b), which prohibits making a non-emergency call using an

27    automatic telephone dialing system ("ATDS") without the prior consent of the called party.

28    Second, they violated 47 U.S.C. § 227(c), which prohibits making automated calls to

individuals on the "Do Not Call Registry." *See Gulden v. Nat'l Security Exchange LLC*, No. CV-17-00875-PHX-DJH, 2019 WL 13196395, at *2 (D. Ariz. May 23, 2019); *see also* 47 C.F.R. § 64.1200. The TCPA authorizes statutory damages of up to $500 per violation, which may be trebled in the case of knowing or willful violations. 47 U.S.C. §§ 227(b)(3) & (c)(5). "Courts have held that a plaintiff can recover under both [§ 227(b) and § 227(c)] even if both violations occurred in a single telephone call." *Gulden*, 2019 WL 13196395, at *2. Plaintiff therefore seeks to recover treble damages of $1,500 for each of sixteen total TCPA violations—eight violations of § 227(b) and eight violations of § 227(c). If this understanding of Plaintiff's complaint is correct, then Plaintiff's damages calculation in his second motion for default judgment makes sense because Plaintiff requests $24,000 in statutory damages and sixteen times $1,500 equals $24,000.

But Plaintiff's second motion for default judgment contains confusing and contradictory statements concerning both the number of phone calls at issue and the number of statutory violations claimed.

First, the number of calls. The motion initially argues that Plaintiff received eight calls (Doc. 21 at 1), but later suggests that Plaintiff received nine (*Id.* at 3, 8). The motion does not cite to any paragraph of the complaint identifying nine phone calls, and Plaintiff's declaration states that he received eight phone calls (*Id.* at 13). It therefore is unclear to the Court how many phone calls are at issue.

Next, the number of violations. Plaintiff's declaration states:

> Based on my calling records, I allege eight violations of 47 U.S.C. § 227(b)(1)(A) and two violations of 47 U.S.C. § 227(b)(1)(B). Accordingly, I am entitled to $24,000 in statutory and treble damages based on these violations.

(*Id.* at 14.) But eight plus two equals ten violations, and ten times $1,500 does not equal $24,000. What's more, Plaintiff's declaration says nothing about § 227(c), leading the Court to question whether it has properly understood Plaintiff's complaint.

Adding to the confusion is the final paragraph on page eleven of Plaintiff's motion, which reads:

- 2 -

> Plaintiff requests damages be calculated according to the above case precedent and prays that judgement be entered in the amount of $24,596.13, calculated as follows: eight violation times $500 per violation, times treble damages, plus $405 in filing fees, plus $164.13 in service fees.

(*Id.* at 11.) Unlike Plaintiff's declaration, this paragraph describes only eight violations. Likewise, page ten of the motion states: "Plaintiff pleads that he received eight calls. As outlined above, each calls violates one provision of section (b) [the prohibition against using an ATDS and the prohibition against using artificial or prerecorded voices], and entitles Plaintiff to an award of $500 for each violation." (*Id.* at 10.) These statements are inconsistent with paragraph eight of Plaintiff's declaration, which describes ten total violations ("I allege *eight* violations of 47 U.S.C. § 227(b)(1)(A) and *two* violations of 47 U.S.C. § 227(b)(1)(B)" (emphasis added)). (Doc. 21 at 14.) They also suggest that Plaintiff is not claiming any violations of § 277(c) (in which case it is unclear why the motion briefs that section or attaches evidence regarding Plaintiff's Do Not Call Registry registration). And the math still does not add up. Eight times $1,500 equals $12,000, not $24,000.[1]

Given the lack of clarity over the number of violations at issue and how Plaintiff has reached his $24,000 calculation, the Court in its discretion will deny Plaintiff's motion for default judgment without prejudice to Plaintiff renewing his request in a manner that resolves these discrepancies.

**IT IS ORDERED** that Plaintiff's second motion for default judgment (Doc. 21) is **DENIED** without prejudice. Within **fourteen days** of the date of this order, Plaintiff must file a renewed request that resolves the discrepancies identified in this order by clearly (1) stating the number of unlawful phone calls he contends he received, (2) stating the number of statutory violations he is seeking judgment on, (2) identifying the specific TCPA sections he believes were violated by each of these calls, and (4) properly calculating the amount of damages based on the number of violations. If Plaintiff fails to file a renewed

---

[1] The Court also notes that the proper way to recoup filing fees and service costs is by following the procedures in LRCiv 54.1, not by seeking them as an element of damages in a motion for default judgment, as Plaintiff attempts to do here.

default judgment motion within the deadline set forth herein, the Clerk of the Court is directed to terminate this case without further order of the Court.

Dated this 4th day of March, 2025.

_____
Douglas L. Rayes
Senior United States District Judge