IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | No. CV-24-00778-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Rosewood Realty LLC, et al., | |
| Defendants. | |

At issue is Plaintiff's third motion for entry of default judgment. (Doc. 25.) Plaintiff alleges that he received eight phone calls from Defendants between March 5, 2024 and March 15, 2024, that violated the Telephone Consumer Protection Act ("TCPA"). Plaintiff contends that each of these eight calls violated two separate subsections of the TCPA. First, they violated 47 U.S.C. § 227(b), which prohibits making a non-emergency call using an automatic telephone dialing system ("ATDS") without the prior consent of the called party. Second, they violated 47 U.S.C. § 227(c), which prohibits making automated calls to individuals on the "Do Not Call Registry." *See Gulden v. Nat'l Security Exchange LLC*, No. CV-17-00875-PHX-DJH, 2019 WL 13196395, at *2 (D. Ariz. May 23, 2019); *see also* 47 C.F.R. § 64.1200. The TCPA authorizes statutory damages of up to $500 per violation, which may be trebled in the case of knowing or willful violations. 47 U.S.C. §§ 227(b)(3) & (c)(5). "Courts have held that a plaintiff can recover under both [§ 227(b) and § 227(c)] even if both violations occurred in a single telephone call." *Gulden*, 2019 WL 13196395,

at *2. Plaintiff therefore seeks to recover treble damages of $1,500 for each of sixteen total TCPA violations—eight violations of § 227(b) and eight violations of § 227(c)—for a total of $24,000, plus $566.13 in costs ($402 in filing fees and $164.13 in service fees).

Whether to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court may consider the following factors when deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the Court accepts as true the complaint's well-pled factual allegations. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

These factors favor entry of default judgment. Plaintiff's complaint sufficiently alleges sixteen violations of the TCPA, and if default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Because Defendants are in default, there are no genuine factual disputes that would preclude granting the motion. *Id.* There is no evidence that Defendants' default was the result of excusable neglect. Although cases "should be decided on their merits whenever reasonably possible" *Eitel*, 782 F.2d at 1472, the existence of Federal Rule of Civil Procedure 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted).

The Court does not find it appropriate to treble damages as to all sixteen violations, however. The complaint alleges that, upon receiving the first unlawful call, Plaintiff notified Defendants that he was not interested in their services, yet they continued to call him. The Court finds the complaint adequately alleges that all calls received *after* the first

were in willful violation of the TCPA, but the first call does not warrant treble damages.

Accordingly,

**IT IS ORDERED** that Plaintiff's third motion for default judgment (Doc. 25) is **GRANTED.** The Clerk of the Court is directed to enter judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of **$22,566.13** and to terminate this case.

Dated this 3rd day of April, 2025.

Douglas L. Rayes
Senior United States District Judge

- 3 -